IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRENTT SHERWOOD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **2:11cv40** |
| ) | **Electronic Filing** |
| ) | |
| **JEFFREY A. BEARD,** secretary of The ) | |
| D.O.C., **LOUIS S. FOLINO** ) | |
| Superintendent, Captain **PAUL WALKER**, ) | |
| Unit Manager **PETER VIDONISH**, ) | |
| Lieutenant **SHRADER**, Lieutenant ) | |
| **BUPKA**, Lieutenant **ROBERT**, ) | |
| **KENNEDY, DAN DAVIS**, Grievance ) | |
| Coordinator, Correctional Officer ) | |
| **WENDELL, JANE AND JOHN DOE**, ) | |
| Names are unknown at this time. All In ) | |
| Their Official and Individual Capacity ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

AND NOW, this 18th day of April, 2013, after de novo review of the record and upon due consideration of [59] the magistrate judge's report and recommendation filed on July 27, 2012, and [65] plaintiff's objections thereto and [66] plaintiff's motion for leave to have additional authority considered in support of his objections (i.e., consideration of <u>Bonner v. Coughlin</u>, 517 F.2d 1311 (7th Cir. 1975)), IT IS ORDERED that [66], [67] plaintiff's motions for leave are granted and the arguments and authority referenced in plaintiff's motions are taken into account in rendering this memorandum order;

IT FURTHER IS ORDERED that plaintiff's objections are sustained in part and denied in part. The report and recommendation as modified herein is adopted as the opinion of the court.

Plaintiff objects to the recommendation that this action be stayed until he exhausts his "post-conviction collateral petition." He essentially argues that he has met the pleading standards governing a First Amendment denial-of-access claim and the framework for analyzing that claim is not limited solely to backward looking situations. See Plaintiff's Objections (Doc. No. 65) at ¶ 4 (citing Christopher v. Harbury, 122 S. Ct. 2179, 2186 (2002)) and id. at 2186 n. 11 ("Bifurcation into forward-looking and backward-looking access claims is a simplification, and not the only possible categorization, but it helps to focus the issues here."). He further asserts that the confiscation of his legal materials has foreclosed his ability to pursue a valid basis for relief under the Pennsylvania Post Conviction Act under existing law, Plaintiff's Objections at ¶¶ 12-14, and that he will be further inhibited in pursuing that basis in the pending post-conviction relief proceeding in any event due to the inability to counter anticipated testimony from his prior trial counsel. Id. at ¶ 17. Because these distinct injuries are sufficiently pled, plaintiff maintains that the action is distinguishable in its procedural development from the summary judgment decision in Lyons v. Secretary, Dep't of Corrections, 445 Fed. Appx. 461 (3d Cir. Sept. 27, 2011), and he can pursue relief on the ground that the loss of the confiscated materials has deprived him of a means to pursue a remedy that is no longer available.

The magistrate judge appears to have been influenced by two principles in arriving at the recommendation to impose a stay on the case until there has been a resolution of plaintiff's post-conviction collateral petition. These are (1) that plaintiff's post-collateral proceedings may ultimately lead to a disposition that might have some effect on plaintiff's ability to succeed on his

denial-of-access claim, see Report and Recommendation (Doc. No. 59) at 13 ("As a backward-looking case seeks redress for specific litigation that ended poorly, Christopher, 536 U.S. at 41, it would be premature for this Court to determine whether such a claim could be sustained.") and (2) plaintiff's claims of injury from the lost affidavit of his grandfather and letters sent to counsel present claims that must be presented to the Pennsylvania courts before plaintiff should be able to proceed on his First Amendment claim, see Report and Recommendation at 14 & n.7 ("Nevertheless, the courts of Pennsylvania must decide whether his proposed claim fails for this reason.").

The proposed stay will not be imposed for a number of reasons.  First, as the Report and Recommendation recognizes, under the standards governing *pro se* submissions plaintiff has presented a sufficient factual basis to meet the pleading standards governing a First Amendment denial-of-access claim.  He has described the underlying arguable claim well enough to show it was more than mere hope and he has described the lost remedy.  His allegations are not self-defeating and therefore are not frivolous.

Second, other than restrictions in the administrative remedies component of the Prison Litigation Reform Act of 1995, it is well settled that there is no exhaustion requirement for §1983 claims.  See e.g. Monroe v. Pape, 365 U.S. 167, 183 (1961) ("The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked."); Patsy v. Board of Regents, 457 U.S. 496, 516 (1982) ("exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to section 1983.").  In short, there is no authority to compel plaintiff to present his habeas ineffective assistance claim to the Pennsylvania courts before he can pursue a § 1983 claim based on the lost affidavit and letters.

Nor is there a sound basis for this court to wait to see if plaintiff can proceed on his denial-of access claim. Plaintiff is on death row. His counseled PCRA proceeding could be pending for years if not more than a decade. As aptly noted by the magistrate judge, after that proceeding has come to an end he will be able to pursue federal habeas corpus relief. That proceeding could add a significant number of additional years before the outcome of the entire collateral attack process will be known and final. By that time the information about the events under current consideration may no longer be available and recollections about the matters involved likely will be reduced to remote and distant memories. Everyone in the litigation could be prejudiced by such a delay.

Finally, the apparent concerns of the magistrate judge leading to the recommendation of a stay appear to be better addressed through development of the record and consideration thereafter of whether plaintiff has "no other 'remedy that may be awarded as recompense' for the lost claim than in the present denial of access claim." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (quoting Christopher, 536 U.S. at 415). In Christopher, the Court made clear that before a denial-of-access claim can proceed to the point where affirmative relief may be awarded on it the plaintiff must show that the claim will "provide a remedy that could not be obtained on an existing claim." Id. at 421. Developing the record at this juncture may result in the recovery of plaintiff's legal material pursuant to his claim for injunctive relief. It might also establish that the only suitable remedy plaintiff can seek is available through another of the counts in plaintiff's amended complaint. And of course, among other things, defendants may be able to prove there were no missing legal documents that plaintiff was entitled to possess and/or developments in the habeas proceeding(s) have rendered plaintiff's denial-of-access claim moot. But with a valid claim having been presented, it is defendants' burden to supply this court with such information

and not this court's duty to stay the action to see if plaintiff's denial-of-access claim might be defeated by these other proceedings.[1]

The court likewise will not dismiss plaintiff's due process claim at this juncture. The controlling authority has deemed the assertions advanced by defendants to be sufficient where the record has been developed and it is clear that the plaintiff was afforded meaningful process that was capable of restoring any rightfully possessed property to the plaintiff's possession. See e.g. Monroe, 536 F.3d at 210 (noting at summary judgment that "[a]lthough the plaintiffs allege that the defendants have not adhered to their own procedure, they have not shown that this post-deprivation procedure was not meaningful. Instead, the record shows that the defendants gave plaintiffs three opportunities (one by court order) to review materials and receive back approved, non-contraband items."). Even the authority noted by the magistrate judge establishes that the record must show there has been meaningful post-deprivation process made available. See Tindell v. Beard, 351 Fed. Appx. 591, 594 (3d Cir. 2009) ("Tindell has not shown that this post-deprivation procedure was not meaningful.").

Here, an inmate on death row has alleged that a number of boxes of his legal materials were confiscated in contravention of legitimate exceptions that had been granted to him and/or taken from areas where he was permitted to store additional legal material. As part of that process plaintiff was not permitted to discard other items to make room for the legal materials, place the confiscated boxes in storage where they were permitted, or ship the boxes outside the prison pursuant to existing regulations. The confiscated boxes were not returned. The legal materials may have been destroyed. Some of the boxes contained unique and original materials. And the utilization of the administrative process resulted only in further confusion and

---

[1] This memorandum order does not foreclose either party from moving for a stay based on circumstances not currently before the court.

contradiction from/among the individual prison officials involved. Such an unexplained and uncontroverted state of affairs cannot summarily be said to be meaningful and satisfy the rudimentary requirements of due process.

Plaintiff also will be permitted to seek leave to re-plead his conspiracy claim in the event discovery demonstrates there are adequate grounds for such a motion. At this juncture, however, plaintiff's contention that various individual defendants were aware of the confiscations, spoke to plaintiff about them and failed to correct the situation does not suffice to show that these individuals had a meeting of the mind to enter into concerted action aimed at depriving plaintiff of his right of access to the courts or retaliating against him for filing grievances.

The balance of plaintiff's objections are overruled. As noted by the magistrate judge, Count II essentially is a duplication of the claim at Count I. Similarly, what persuasive force Bonner v. Coughlin, 517 F.2d 1311 (7th Cir. 1975), had about the application of Fourth Amendment jurisprudence in the prison setting sufficiently has been undermined by Hudson v. Palmer, 468 U.S. 517 (1984), and its progeny. As noted in the Report and Recommendation, the first step in analyzing a § 1983 claim is to identify the textual source of the rights sought to be vindicated. Report and Recommendation at 10 (citing Albright v. Oliver, 510 U.S. 266, 271 (1994)). The First and Fourteenth Amendments provide the textual source of the constitutional rights implicated by plaintiff's allegations. Accordingly, plaintiff's claims grounded in those amendments are the appropriate starting points for determining whether plaintiff's constitutional rights have been violated and other sources such as the Fourth Amendment are not.

In light of the above, IT FURTHER IS ORDERED that [52] defendants' motion to dismiss be, and the same hereby is, granted in part and denied in part. The motion is granted as to Counts II, V and VII. Count V is dismissed without prejudice to plaintiff seeking leave to re-

plead it in the event discovery reveals a sufficient factual basis to proceed with a conspiracy claim. The motion is denied in all other aspects.

<u>s/ David Stewart Cercone</u>
David Stewart Cercone
United States District Judge

cc:    Brentt Sherwood
       GD-7549
       SCI Greene
       175 Progress Drive
       Waynesburg, PA 15370

       *(Via United States mail )*

       Robert A. Willig, Esquire

       (*Via CM/ECF Electronic Filing*)