IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENTT SHERWOOD, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 11-40 |
| ) | |
| vs. ) | District Judge David Stewart Cercone |
| ) | Magistrate Judge Maureen P. Kelly |
| JEFFREY A. BEARD, Secretary of the ) | |
| D.O.C., LOUIS S. FOLINO Superintendent,) | |
| CAPTAIN PAUL WALKER, UNIT ) | |
| MANAGER PETER VIDONISH, ) | |
| LIEUTENANT SHRADER, ) | |
| LIEUTENANT BUPKA, LIEUTENANT ) | |
| ROBERT KENNEDY, DAN DAVIS, ) | Re: ECF No. 76 |
| Grievance Coordinator, CORRECTIONAL ) | |
| OFFICER WENDELL, JANE and JOHN ) | |
| DOE, Names Unknown at this Time in their ) | |
| Official and Individual Capacity, CRAIG ) | |
| HAYWOOD, Captain of the Department of ) | |
| Security at SCI-Greene; ORNDOFF; R. ) | |
| SMITH,Corrections Officer, ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Plaintiff Brentt Sherwood ("Plaintiff") has filed a "Motion for Leave of Court for Limitation of the Scope of Defendant's Deposition" (ECF No. 76), seeking an Order precluding counsel for Defendants from inquiring into certain grounds upon which Plaintiff seeks relief in his collateral petition for post-conviction relief ("PCRA petition") currently pending in Pennsylvania state court.[1] In particular, Plaintiff seeks to prevent inquiry into all ineffective assistance of counsel claims raised in his pending PCRA petition and, instead, limit the scope of discovery to information related only to whether his criminal trial counsel was ineffective by failing to call his grandfather as a mitigation witness in the death-penalty phase of his trial. For

---

[1] The PCRA petition is currently pending in the Court of Common Pleas of Northumberland County at No. CP-49-CR-0000342-2005.  See, http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-49-CR-0000342-2005.

1

the reasons that follow, Plaintiff's Motion is DENIED.

The scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed.R.Civ.P. 26(b)(1).

Plaintiff seeks relief pursuant to Rule 26(c)(1), which provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." Fed.R.Civ.P. 26(c)(1).

However, courts must consider the fact that "Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which 'appears reasonably calculated to lead to the discovery of admissible evidence.' Fed.R.Civ.P. 26(b)(1). Relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Rather, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action." Lefta Assocs. v. Hurley, 2011 U.S. Dist. LEXIS 50683 (M.D.Pa. May 11, 2011).

Issues relating to the scope of discovery permitted under Rule 26 rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter ..., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44–45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of

>discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09–1138, 2010 WL 3735702, *1 (D.N.J. Sept.17, 2010).

Plaintiff's claim in the instant action is that Defendants have violated his First Amendment right of access to courts and Fourteenth Amendment due process rights by destroying an irreplaceable affidavit from his now-deceased grandfather. Plaintiff alleges that his grandfather would have been a character witness at Plaintiff's underlying criminal trial and would have testified that he witnessed three instances of physical abuse Plaintiff sustained as a child at the hands of Plaintiff's step-father. [ECF No. 50 ¶ 16 & Ex. 27]. Plaintiff contends that this evidence is not duplicative of other proposed or actual testimony before the jury at either the guilt or the penalty phase of his criminal trial and, if introduced, would have provided pivotal evidence of mitigating factors for the jury to consider in determining the propriety of the imposition of the death penalty.[2] Plaintiff asserts that his criminal trial counsel knew of the existence of this evidence but failed to call his grandfather and thus the affidavit provides proof of counsel's ineffectiveness. [ECF No. 50 ¶¶ 53-56; ECF No. 50-38 (Sherwood Affidavit)]. Destruction of the affidavit by DOC officials therefore allegedly interferes with his claim of ineffectiveness of counsel as Plaintiff contends his grandfather's proposed testimony cannot now be raised in his pending PCRA petition or any future petitions for writ of habeas corpus that may be filed under federal law. [ECF No. 50 ¶¶ 57, 58].

An incarcerated prisoner, like any other citizen, has a constitutionally protected right of access to the courts. Lewis v. Casey, 518 U.S. 343 (1996). The United States Supreme Court has

---

[2] This Court notes, however, that Plaintiff's initial counseled Petition for Writ of Habeas Corpus, Sherwood v. Beard, No. 10-1073 (M.D. Pa. Oct. 3, 2011), ECF No 22, includes the identities of at least two other eyewitnesses who would have testified to the on-going physical abuse Plaintiff sustained as a child at the hands of his mother and grandmother as well as medical records which would have corroborated the physical and sexual abuse Plaintiff alleges he sustained. (ECF No. 22-2, pp. 42, 49-50; ECF No. 22-3, pp. 1-4).

4

established that in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an "actual injury" as a result of the alleged denial. Lewis, 518 U.S. at 349. An "actual injury" does not occur without a showing that a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented. Lewis, 518 U.S. at 354-56. See also Atwell v. Lavan, 557 F. Supp.2d 532, 558-59 (M.D. Pa. 2008)(proof of actual injury caused by virtue of absence of records required).

    Here, Plaintiff argues that the success of his pending counseled PCRA and future habeas petitions based upon the ineffectiveness of his criminal trial counsel is fundamentally affected by the destruction of his grandfather's affidavit. However, as is made apparent in the counseled habeas petition filed on Plaintiff's behalf in the United States District Court for the Middle District of Pennsylvania, Plaintiff points to at least five separate areas of error by counsel which he contends deprived him of a fair trial. See, Sherwood v. Beard, No. 10-1073 (M.D. Pa. 2010) (ECF No. 22).[3] Further, with specific reference to Plaintiff's assertion that trial counsel violated his constitutional right to a fair trial by failing to investigate, develop and present mitigating evidence, Plaintiff's petition for habeas relief alleges that trial counsel failed to interview and/or call not only his grandfather, but Plaintiff's extended family, girlfriends, coaches, teachers and medical providers, all of whom would have testified that Plaintiff was abused as a child or displayed clear symptoms that he suffered mental illness. Plaintiff's habeas petition contends that trial counsel was ineffective in failing to present medical and educational and employment records and relevant psychological evaluations, all of which would have provided mitigating evidence to the capital sentencing jury. Id.

---

[3] Plaintiff's habeas petition has been dismissed without prejudice pending the outcome of state PCRA proceedings. No. 10-1073 (M.D. Pa.) (ECF Nos. 29, 40).

Inquiry into each of these areas of purported ineffective assistance of counsel is extremely relevant to his claims at issue here, as these matters may establish that the destruction of Plaintiff's grandfather's affidavit did not, in fact, cause "actual injury" to his pending or future PCRA and habeas claims and, therefore, did not rise to a violation of Plaintiff's First and Fourteenth Amendment rights. See, e.g., Smith v. Figeroe, 465 F. App'x 694 (9th Cir. 2011) (summary judgment entered in favor of defendants where destruction of allegedly exculpatory declaration for future habeas action failed to raise a genuine issue of material fact as to whether plaintiff suffered an "actual injury"); McNeil v. Diguglielmo, 271 F. App'x. 283 (3d Cir. 2008) (confiscation of inmates legal documents pertaining to habeas action did not result in "actual injury" defined as "loss or rejection of a legal claim); Gordon v. Morton, 131 F. App'x 797, 798 (3d Cir. 2005) (alleged confiscation of legal materials did not cause "actual injury" where underlying claim not hindered; injury must be actual or imminent, not hypothetical or conjectural).

Finally, it is important to note that Plaintiff's request to limit the scope of his deposition is completely inconsistent with his previous argument to this Court in October 2012 [ECF No. 65]. In conjunction with consideration of Defendants' Motion to Dismiss for Failure to State a Claim [ECF No. 52], the Report and Recommendation submitted by this Court recommended that Plaintiff's instant Section 1983 action be stayed pending the outcome of his PCRA and future habeas proceedings. However, Plaintiff filed lengthy objections to a stay. Plaintiff opposed the stay, which Plaintiff characterized as unnecessary given the "forward looking" nature of his denial of access claim. The District Court granted Plaintiff's objections in part and permitted the instant action to proceed so that Plaintiff's First Amendment and due process claims could be established unimpeded by Plaintiff's collateral attack on his sentence. [ECF

Nos. 65, 68]. In light of Plaintiff's October 2012 opposition to a stay pending the outcome of his PCRA and future habeas proceedings, Plaintiff's current claim of potential prejudice flowing from inevitable discovery into the merits of his denial of access claim therefore is rejected. Plaintiff cannot be permitted to object to a stay, request that the case be permitted to go forward as irrelevant to his PCRA proceeding, and then seek to preclude discovery on the basis of the pending PCRA proceedings.

Accordingly, this 6th day of June, 2013, IT IS HEREBY ORDERED that Plaintiff's "Motion for Leave of Court for Limitation of the Scope of Defendant's Deposition" (ECF No. 76) is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

/s/ Maureen P. Kelly
United States Magistrate Judge

cc: The Honorable David S. Cercone
United States District Judge

Brentt Sherwood
GD-7549
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record via CM/ECF