# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRENTT SHERWOOD**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:11cv40 |
| | ) **Electronic Filing** |
| **JEFFREY A. BEARD**, **LOUIS S.** | ) |
| **FOLINO**, **DAN DAVIS**, **CRAIG** | ) |
| **HAYWOOD**, **PAUL WALKER**, | ) |
| **PETER VIDONISH**, **SHRADER**, | ) |
| **BUPKA**, **ROBERT KENNEDY**, | ) |
| **WENDELL**, **ORNDOFF**, and | ) |
| **R. SMITH**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, this 10th day of February, 2015, upon due consideration of defendants' partial motion to dismiss and the parties' submissions in conjunction therewith, IT IS ORDERED that [92] the motion be, and the same hereby is, granted. The claims against the "Department of Corrections" as an entity, Jeffrey Beard in his individual or official capacity and any claims predicated on the Fifth Amendment are dismissed. The explicit or implied claims against Jeffrey Beard in his official capacity for declaratory and prospective injunctive relief are dismissed without prejudice to their reinstatement and/or the formulation of more thoroughly stated claims against John Wetzel for such relief. Plaintiff shall file an amended complaint advancing any such claims on or before March 6, 2015.

Plaintiff acknowledges that the Department of Corrections ("DOC") and Jeffrey Beard are improper defendants and the Fifth Amendment has no application to the matters at hand. In

this regard the DOC is entitled to Eleventh Amendment immunity. Suits against the state are barred by the Eleventh Amendment.[1] Alabama v. Pugh, 438 U.S. 781, 781-82 (1978). Eleventh Amendment immunity applies to suits against the state regardless of the relief sought. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.") (citing Florida Department of Health v. Florida Nursing Home Assn., 450 U.S. 147 (1981) (*per curiam*) and Alabama v. Pugh, 438 U.S. 781 (1978) (*per curiam*)). "This jurisdictional bar applies regardless of the nature of the relief sought." Id.; accord Cory v. White, 457 U.S. 85, 90 (1982) ("It would be a novel proposition indeed that the Eleventh Amendment does not bar a suit to enjoin the state itself simply because no money judgment is sought.").

The Supreme Court has held that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978)). In other words, suits against state officials for acts taken in their official capacity generally must be treated as suits against the state. Hafer v. Melo, 502 U.S. 21, 25 (1991).

Nevertheless, a narrow exception exists under Ex parte Young, 209 U.S. 123 (1908), that permits a federal court to award prospective injunctive relief against a state official. "In particular, Edelman [v. Jordan, 415 U.S. 651 (1974),] held that when a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief."

---

[1] The Eleventh Amendment "enacts a sovereign immunity from suit, rather than a nonwaivable limit on the federal judiciary's subject-matter jurisdiction." Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997).

2

Pennhurst, 465 U.S. at 102-03.  "Under the theory of Young, such a suit would not be one against the State since the federal-law allegation would strip the state officer of his official authority." Id. at 103.

We have carefully reviewed the allegations contained in the Second Amended Complaint and cannot say that a further amendment adding claims against John Wetzel in accordance with the narrow exception authorized by Young would be futile.  Accordingly, the explicit or implied claims against Jeffrey Beard in his official capacity for declaratory and prospective injunctive relief have been dismissed without prejudice to their reinstatement and/or the formulation of more thoroughly stated claims against John Wetzel in his official capacity.

s/David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc: Adam B. Fischer, Esquire  
Robert A. Willig, Esquire

(*Via CM/ECF Electronic Filing*)